UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISPIN RODRIGUEZ, individually & dba GROWER'S DIRECT PRODUCE,<br><br>    Plaintiff,<br><br>    v.<br><br>OLD WEST EXPORT, INC., a California corporation and FRANCES MURILLO, an individual,<br><br>    Defendants. | Case No. 1:20-cv-00052-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT OLD WEST EXPORT, INC.<br><br>(Doc. 47)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Crispin Rodriguez, individually and doing business as Grower's Direct Produce, brings this action under the Perishable Agricultural Commodities Act (PACA) against Defendants Old West Export, Inc. and Frances Murillo. Currently before the Court is Plaintiff's motion for entry of default judgment against Defendant Old West Export, Inc. ("Defendant Old West"). (Doc. 47.) Defendants have not filed an opposition or otherwise responded to the motion.

The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Having considered the moving papers and the Court's file, the Court RECOMMENDS that Plaintiff's motion for default judgment be DENIED without prejudice.

//

1

## I. Relevant Procedural Background

Plaintiff initiated this action on January 9, 2020, against Defendants Old West and Murillo. (Complaint, Doc. 1.) As alleged, Defendant Old West engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce, and Defendant Murillo was an officer, director, shareholder, and USDA principal of Defendant Old West, in a position to control Defendant Old West, and a responsible party under PACA. (*Id.* at ¶¶ 2-3). Defendant Murillo answered the complaint on March 4, 2020, and filed an amended answer on April 15, 2021. (Docs. 7, 27.)

On June 30, 2020, the Court held a Scheduling Conference. (Doc. 17.) Defendant Old West. (*Id.*) Following the conference, the Court issued a Scheduling Conference Order, which set deadlines for completion of pretrial discovery, pretrial motions, and a pretrial conference. (Doc. 18.) The pretrial conference was subsequently vacated. (Doc. 29.)

On February 22, 2021, Defendant Murillo file a motion for summary judgment. (Doc. 19.) On January 10, 2024, following delays resulting from the judicial resource emergency and heavy civil caseloads in the Fresno Division of this district, the Court issued an order denying Defendant Murillo's motion for summary. (Doc. 43.) The Court further indicated that to the extent Defendant Murillo also appeared to seek summary judgment on claims only against Defendant Old West, the motion was denied. The Court found as a matter of law that Plaintiff preserved a PACA trust and granted partial summary judgment in Plaintiff's favor on this issue, leaving for trial a determination of whether Defendant Murillo is personally liable under PACA. (*Id.* at 16.) Additionally, the Court directed Plaintiff to seek entry of default from the Clerk of the Court against Defendant Old West and then move for default judgment within thirty days after entry of default. The Court also directed Plaintiff and Defendant Murillo to engage in informal settlement discussions and, if no settlement was reached, then request assistance from the court's Voluntary Dispute Resolution Program ("VDRP"). (*Id.*)

On January 26, 2024, at Plaintiff's request, the Clerk of the Court entered default against Defendant Old West. (Doc. 46.) Thereafter, on February 23, 2024, Plaintiff filed the instant motion for default judgment against Defendant Old West. (Doc. 47.) The Court took the motion

1 under submission on March 27, 2024.  (Doc. 51.)

2     During the pendency of the motion for default judgment, the parties were unable to reach
3 an informal settlement in this case and requested to participate in the court's VDRP.  (Doc. 49.)
4 VDRP concluded in September 2024, and the case did not settle.  Defendant Murillo also
5 reportedly decided to file for Chapter 7 bankruptcy.  (*See* Doc. 58.)

6     On October 30, 2024, the Court held a status conference to address potential scheduling of
7 a pretrial conference and trial.  The parties informed the Court that Defendant Murillo likely
8 would be filing for bankruptcy.  They requested an additional status conference following
9 Defendant Murillo's bankruptcy application.  The Court informed that parties that the pending
10 motion for default judgment would be resolved on the papers.  The Court also set the matter for a
11 further status conference.  (Doc. 64.)

12     On January 6, 2025, counsel for Defendant Murillo filed a motion to withdraw as counsel.
13 (Doc. 65.)

14     On January 14, 2025, the Court held a further status conference.  The Court and parties
15 discussed the status of this action, including Defendant Murillo's anticipated bankruptcy filing,
16 the pending motion to withdraw as counsel for Defendant Murillo, and the pending motion for
17 default judgment against Defendant Old West. Defense counsel confirmed that Defendant Murillo
18 had not engaged in further communication with her counsel, but she had been served with the
19 motion to withdraw. She also had not yet filed for bankruptcy. As to the motion for default
20 judgment, the Court identified its concern regarding Federal Rule of Civil Procedure 54(b) and
21 the propriety of entry of default judgment as to fewer than all claims or parties. Plaintiff was to
22 file a supplemental brief addressing Rule 54(b).  (Doc. 70.)

23     On February 18, 2025, counsel for Defendant Murillo withdrew the motion to withdraw as
24 counsel.  (Doc. 75.)  Thereafter, on February 19, 2025, the Court vacated the hearing on the
25 motion to withdraw.  (Doc. 76.)  The Court also directed Plaintiff to file supplemental briefing
26 addressing Federal Rule of Civil Procedure 54(b) to proceed with the pending motion for default
27 judgment.  (Doc. 76.)  To date, Plaintiff has not filed supplemental briefing in support of the
28 motion for default judgment.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" against the action. Fed. R. Civ. P. 55(a). As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.").

A party may request entry of default judgment against a defaulted party pursuant to Rule 55(b). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which may be considered by the district court in exercising its discretion to enter default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc.*, 238 F. Supp. 2d at 1174.

Additionally, pursuant to Rule 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Granting default judgment as to only some claims or some defendants is generally disfavored "in the interest of sound judicial administration." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risk of multiplying

4

the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.").

The Supreme Court has warned that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant ... while the cause was proceeding undetermined against the others." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). Thus, "where a complaint alleges that defendants are jointly liable" or "similarly situated" and "one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv.*, 253 F.3d 520, 532 (9th Cir.2001) (citing *Frow*, 82 U.S. at 554). "In general, the applicability of this rule turns not on labels such as 'joint' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform." *Balboa Cap. Corp. v. Pac. Logging & Processing Inc.*, No. 8:24-cv-02082-FWS-KES, 2025 WL 736615, at *3 (C.D. Cal. Jan. 27, 2025) (internal quotations and citation omitted).

### III.   Discussion and Analysis

Plaintiff seeks entry of default judgment as to Defendant Old West, but the motion does not explain why there is no just reason for delay of entry of final judgment as to fewer than all claims and parties. The operative complaint asserts claims one, two, and four (I, II, and IV) against Defendant Old West, claims three and six (III and VI) against Defendants Old West and Murillo, and claim five (V) against Defendant Murillo. (*See generally* Complaint, Doc. 1.) As relief, Plaintiff seeks monetary damages from both defendants, along with orders "requiring Defendants, and each of them, to turn over to Plaintiff sufficient PACA Trust Assets of [Defendant Old West], if any there are, to pay Plaintiff's Reparations Award in full," and declaring that "Defendants, and each of them, violated the PACA." (Compl. at 12.) It appears Plaintiff is seeking relief against Defendants jointly and separately. And, at the very least, the claims, facts, and legal issues asserted in the complaint relative to the Defendants are similar. *See In re First T.D. & Inv. Inc.*, 253 F.3d at 532 (reasoning that *Frow* applies to defendants who are "similarly situated"). For instance, the complaint includes a claim for fraudulent concealment against both Defendants, which alleges that Defendants "fraudulently failed to disclose, but

5

concealed, the financial condition of Defendant OLD WEST for the purpose of deceiving Plaintiff and growers and other suppliers of perishable agricultural commodities into selling to Defendant OLD WEST." (Compl. ¶ 59.)  The complaint also alleges that Defendant Murillo was an officer, director, shareholder, and USDA principal of Defendant Old West, and in a position to control Defendant Old West's actions.  (*Id.* ¶ 3.)  Consequently, there may be a risk of incongruous or inconsistent judgments if the Court were to grant default judgment against Defendant Old West at this juncture.

Plaintiff has not offered any reason to justify entry of judgment as to fewer than all claims and all defendants.  Significantly, this Court previously directed Plaintiff to provide supplemental briefing under Rule 54(b), but he has failed to do so.  Accordingly, the Court will recommend that Plaintiff's motion for entry of default judgment be denied without prejudice.  If Plaintiff elects to refile his motion, Plaintiff should address the relevant *Eitel* factors, and if default judgment is sought as to fewer than all claims or defendants, provide an explanation as to why there is no just reason for delay under Rule 54(b).

### IV.     Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for default judgment (Doc. 47) be denied without prejudice.

\*\*\*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 22, 2025**          /s/ *Barbara A. McAuliffe*          
                                    UNITED STATES MAGISTRATE JUDGE

7